ORDER

NOW on this 18th day of July, 2013, this matter comes on for hearing as scheduled by the Court. The Petitioner Robin Carter Mayes appears in person and by A.J. Garcia, his attorney. The Cherokee Nation, upon approval of its Motion to Intervene, appears by Sara E, Hill, Senior As *330 sistant Attorney General. The Cherokee Nation Election Commission appears by Harvey Chaffin, their attorney. This Court exercises original jurisdiction of this matter under the Constitution of the Cherokee Nation (1999) Article VIII and the provisions of CNCA, Title 26, § 101(D), et seq.
The Court, having reviewed the pleadings and supporting briefs of authority, requests that the parties present argument as to the legal sufficiency of the Petitioner’s initial pleading titled “Election Appeal” and whether the same should, or should not be dismissed. Upon consideration of the legal authority cited and argument made, the Court FINDS as follows:
1. This is an accelerated proceeding under the provisions of the Cherokee Nation Election Code, with specific requirements as to the content of the appeal petition. See Title 26 CNCA, § 101(D)
2. Among these requirements of Section 101(D) are 1) that “the petition include the Petitioner’s name, address and Cherokee Nation Registration Number”; 2) “the relief requested and specific statement regarding each alleged violation of this Title herein or of any election procedures adopted by the Election Commission in force at the time of the alleged violation, including the date of the alleged violations, the identity of the person or persons involved in the alleged violations and the precinct where the violation occurred”.
3. Under § 101(D) as cited herein-above, “if the appeal petition does not contain the required information, or if the allegations do not allege sufficient violations to affect an election outcome, the Petition shall be deemed frivolous by the Cherokee Nation Supreme Court and shall be dismissed.” [emphasis ours]
4. These requirements are both appropriate and necessary to inform affected parties of the exact nature of the action brought to challenge the results of an election. The Cherokee Nation Council, has allowed a maximum of six (6) working days for scheduling of a hearing on the merits of an election challenge to promote both the finality of the election result and to provide adequate time for the Election Commission to do the things necessary to schedule and conduct subsequent elections.
5. Petitioner Mayes filed his “Election Appeal” Petition pro se on July 1, 2013. The document fails to meet the content requirements of Title 26, CNCA, § 101(D), in the Mowing particulars:
a. The Petitioner’s Cherokee registration number is not stated;
b. The document fails to allege specific violation(s) of the Cherokee Nation Election Code, Title 26 CNCA, or violation of any Election Commission procedures in effect at the time of the election in which he was a candidate. The pleading does not include the dates of alleged violation(s), the identity of person or persons involved in alleged violation(s), nor the precinet(s) where the violation(s) occurred as required by the Election Code.
IT IS THEREFOR ORDERED that the “Election Appeal” filed pro se by the Petitioner/Challenger Robin Carter Mayes is hereby deemed by this Court to be frivolous and the same is hereby DISMISSED for failure to state a claim for which relief *331 can be granted pursuant to Title 26 CNCA, § 101(D).
/s/ Darrell Dowty Darrell Dowty, Chief Justice
/s/ James G. Wilcoxen James G. Wilcoxen, Justice
laj Troy Wayne Poteete Troy Wayne Poteete, Justice
/s/ John C. Garrett John C. Garrett, Justice
/s/ Angela Jones Angela Jones, Justice